## HEALD v. HOUSE.

**Appeal:** AFFIRMANCE OF JUDGMENT. Under a rule of court which prescribed that, in all appeals from inferior tribunals, if the appellant failed to pay the filing fee and docket the cause before noon of the second day of the term, the judgment of the court would be affirmed upon payment and docketing by the appellee, the court properly refused to set aside an affirmance which might have been prevented by the exercise of reasonable diligence and care.

*Appeal from Linn Circuit Court.*

TUESDAY, SEPTEMBER 22.

ACTION was commenced before a justice of the peace, claiming eighty dollars damages on a horse trade. There was a jury trial, and verdict and judgment for plaintiff for fifty dollars. Defendant appealed to the Circuit Court. The next term of the Circuit Court began on the fifth day of January, 1874. On the 14th of January, the cause not having been docketed, the appellee appeared, paid the docket fee, and procured an affirmance of the judgment. On the 20th day of January, 1874, defendant's attorney filed the following affidavit and motion:

" I. M. Preston, being duly sworn, on oath states that he is attorney for defendant; that part of the papers in said cause were sent up from the justice and filed with the clerk, August 20, 1873, and part filed October 11, 1873. Affiant keeps an account with the clerk of this court by which the clerk charged affiant with docket fees and other costs which affiant assumes to pay, and also credits affiant with fees collected coming to affiant; that affiant told the clerk, when the papers in said cause should be filed with him, to docket the case and charge docket fee to affiant, and affiant supposed said docket fee was so charged and said case docketed till this morning, when he was informed by a member of the bar that John Worrall had paid the docket fee and quietly stepped up to the judge's desk and got said judgment affirmed. That one of the attorneys for defendant has been present in court all the time during its

session, and that if said motion had been openly and publicly. called, defendant's attorneys' attention would have been called to it. That the clerk had forgotten the request of affiant to docket said cause and charge fee to affiant. Affiant therefore asks. that said judgment of affirmance be set aside upon payment of docket fee, and said cause set down for hearing on appeal; that said appeal is not taken for delay, but in good faith, and that defendant has a full and complete defense in said cause."

The court overruled the motion.

Defendant, having obtained the proper certificate that the case involves the determination of a question of law, upon which it is desirable to have the opinion of this court, appeals.

*I. M. Preston & Son*, for appellant.

*James D. Giffen*, for appellee.

DAY, J.—A rule of court in the circuit in which this cause was tried is as follows:

" In all appeals in civil cases from justices' courts, mayors' courts, or other inferior tribunals, if the appellant fails to docket his appeal and pay the docket fees by noon of the second day of the term at which the appeal is triable, the appellee may have the appeal docketed and the judgment below affirmed."

From the statement of this case it appears that the appellee did not pay the docket fee and procure an affirmance of the cause until the ninth day of the term. During the whole of this time the attorneys of appellant were present in court, and by the exercise of a very slight degree of attention and care might have discovered that the cause had not been docketed, and could have had it placed upon the docket.

Not only was there this long delay, but the motion to set the order of affirmance aside was not made until the sixth day after the judgment was affirmed, and the fifteenth day of the term.

Such delay might, and probably would, very seriously compromise the rights of the opposite party. He could not be

expected to be in attendance the whole term with his witnesses, awaiting the action of his opponent. When the judgment was affirmed, at least it may be supposed that he would permit his witnesses to withdraw. The probable effect of setting aside the order of affirmance and holding the cause for trial would be a continuance. The court below, it must be presumed, regarded and was governed by all these considerations in the overruling of the motion. Appellant might have prevented the results of which he complains by the exercise of reasonable watchfulness and diligence.

We cannot say that the court below erred in refusing to set aside the order of affirmance.

AFFIRMED.